89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BYNDAS, Plaintiff-Appellant
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee
 No. 95-3158.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges; HULL, District Judge.[1]
 
 
 2
 Hull, District Judge. James Byndas appeals from a district court judgment affirming the Commissioner's denial of his application for disability insurance benefits under the Social Security Act. For the reasons which follow, we reverse and remand this action for an award of benefits.
 
 
 3
 In 1986, Mr. Byndas, a steel mill worker, fell approximately thirteen feet and suffered a compression fracture of the second lumbar vertebrae and also fractured his right ankle, left heel, left wrist and left shoulder. He received a closed period of disability insurance benefits from November 15, 1986, through April 30, 1988. In his current application for benefits, he alleges disabling pain caused by degenerative arthritic changes at the sites of these previous injuries.
 
 
 4
 The record contains a lengthy letter from Dr. Allan M. Goodwin, Mr. Byndas's treating physician, recounting Mr. Byndas's original injuries, the surgery on his ankle, and his history of continuing problems with pain in his back, ankle, and left wrist and shoulder. Dr. Goodwin cites physical findings and x-rays of the affected areas revealing post-traumatic degenerative arthritis. He concludes,
 
 
 5
 This individual has had chronic and debilitating symptoms and has physical findings referable to the previously described areas. His previous work was in labor construction working as a loader/helper which required lifting, bending, and climbing activities on a repetitive basis. He was required to lift anywhere from 20-50 lbs. in his previous work. Considering the patient's history and physical findings, he will be unable to carry out sustained remunerative employment and should be considered permanently and totally disabled.
 
 
 6
 Two consulting physicians agree with Dr. Goodwin that Mr. Byndas is disabled. Dr. Robert C. Corn, who examined Mr. Byndas for the State of Ohio Rehabilitation Services Commission, Bureau of Disability Determination, on October 11, 1989, concluded his report as follows:
 
 
 7
 Clearly there are definite objective signs to correspond with his ongoing progressive subjective complaints....
 
 
 8
 In conclusion, it is my opinion that the claimant will not return to his previous type of employment. He is a poor rehabilitation candidate and may require surgical intervention on his low back. It is therefore my opinion the claimant is totally and permanently disabled solely on the basis of his allowed claim....
 
 
 9
 Dr. Dorian Vidu, who examined him in February of 1991, wrote,
 
 
 10
 At present the claimant complaints of numbness in his right foot, and numbness on both sides after standing or walking for 10 to 15 minutes. He also has pain and decreased movement of the right ankle by 40%. His left shoulder is also painful and range of motion is limited by 50%. His low back has caused him extreme pain and his range of motion for bending and stooping is limited by 80%. His right wrist has restricted motion of 20%.
 
 
 11
 Opinion: Based on the foregoing examination and review of the past medical history, it is my opinion that the claimant would not be able to return to his former position of employment nor any other type of employment....
 
 
 12
 If adequately supported by objective findings and uncontradicted by other medical evidence in the record, the opinion of a treating physician should be given complete deference. Harris v. Heckler, 756 F.2d 431 (6th Cir.1985). In this case, the opinion of the treating physician is supported by objective findings; it is corroborated by the opinions of two examining physicians; and there is no contradictory medical opinion in the record to suggest that Mr. Byndas is capable of substantial gainful employment.
 
 
 13
 The Administrative Law Judge (ALJ) who heard his case nonetheless found nothing in the medical evidence to preclude sedentary work. He found Mr. Byndas capable of a full range of sedentary work based, in part, on this perceived omission from the medical evidence, and, in part, on his testimony that he could walk for one hour at a time; stand for one-half hour at a time; sit for up to one and a half hours; carry up to ten pounds; and use his upper extremities for manipulation. The ALJ also considered Mr. Byndas's testimony that, on a limited basis, he could vacuum, use the washer and dryer, drive to the grocery store, read, watch television, take walks, visit with friends, and attend a monthly union meeting.
 
 
 14
 These conclusions were erroneous as a matter of law. First of all, the uncontroverted medical evidence was that Mr. Byndas was totally disabled. Second, his own testimony about what he is capable of doing, does not contradict the medical evidence and does not support the ALJ's conclusion that he has the residual functional capacity to perform a full range of sedentary work. Mr. Byndas testified that, if he has to force it, he can sit for an hour, or sometimes an hour and a half. Sedentary work requires the ability to sit for up to six hours in an eight hour working day. See Social Security Ruling 83-10, Titles II and XVI: Determining Capability To Do Other Work--The Medical-Vocation Rules of Appendix 2; and 20 C.F.R. 404.1567(a).[2]
 
 
 15
 It cannot be said the Commissioner's finding that Mr. Byndas is capable of a full range of sedentary work is supported by substantial evidence, or any evidence, in the administrative record.
 
 
 16
 Accordingly, we vacate the district court's judgment and direct that this case be remanded to the Commissioner for an award of benefits.
 
 
 17
 ALAN E. NORRIS, Circuit Judge, dissenting.
 
 
 18
 Because the district court correctly concluded that the Secretary's decision denying benefits is supported by substantial evidence, I dissent. I would affirm upon the reasoning found in the Memorandum Opinion of the Magistrate Judge filed on December 20, 1994.
 
 
 19
 Two points are worth highlighting. First, the statement by a doctor that a claimant is "unable to carry out sustained remunerative employment and should be considered permanently and totally disabled" is obviously a legal conclusion subject to plenary review by the ALJ. See Crisp v. Secretary of Health & Human Servs., 790 F.2d 450, 452 (6th Cir.1986). The majority's fascination with the doctors' invocation of the term "disabled" is unwarranted. Second, contrary to the majority's view, the diagnosis of a treating physician is not entitled to "complete deference" when the claimant himself testifies that he can engage in activity consistent with sedentary employment. The ALJ's decision is supported by substantial evidence.
 
 
 
 [1]
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. By its very nature, work performed primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions
 "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles. SSR 83-10.